**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.G., by and through his Parents, Howard and Denise Greenberg; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF HAWAII, Department of Education; et al., <br><br> Defendants-Appellees. | No. 18-16538 <br><br> D.C. No. 1:17-cv-00503-DKW-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 10, 2019
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

J.G., by and through his parents, brought suit against the Hawaii Department

of Education (DOE), challenging his newest Individualized Education Program

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(IEP).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.  J.G.'s parents bear the burden of proof.  In cases arising under the Individuals with Disabilities Education Act, "the burden of persuasion lies where it usually falls, upon the party seeking relief."  *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 58 (2005).  Although the new IEP changes J.G.'s placement and thereby changes the status quo, J.G.'s parents are challenging the new IEP, meaning they are the "party seeking relief" and therefore bear the burden of proof.  *See id.* at 62 ("The burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief. In this case, that party is [the student], as represented by his parents.").

2.  The district court correctly ruled that the administrative hearing officer did not deny J.G.'s parents their statutory right to present evidence by declining to conduct a site visit to the Maui Autism Center.  J.G.'s parents did not show that they were prejudiced by the absence of the site visit, as they were not otherwise precluded from introducing evidence about the facility.  They were free to introduce pictures, diagrams, and testimony about the Maui Autism Center, and

---

[1]   Because the parties are familiar with the facts, we do not recount them in detail here.

2

there is no indication that documentary and testimonial evidence was insufficient to convey the nature and quality of the facility.

3. The record does not show that J.G.'s placement in Po'okela was predetermined or that his parents were denied the opportunity to meaningfully participate in the formation of his IEP.

J.G.'s parents argue that one of the teachers at Po'okela told J.G.'s parents that Principal Francoise Wittenburg had previously told the teacher that J.G. would be attending Po'okela. Principal Wittenburg, however, denied that claim at the hearing. The hearing officer found that the principal's testimony was credible, and the parents have not identified any basis for second-guessing that determination. J.G.'s parents' other arguments also failed to show that the DOE predetermined the outcome of his placement; the sequence of events they describe is consistent with working through and eliminating other possible options. Accordingly, it was not clearly erroneous for the district court to decide that DOE did not predetermine J.G.'s placement.

J.G.'s parents argue that they were denied the opportunity to meaningfully participate because they were unfamiliar with Po'okela and it was not proposed until the final IEP meeting. It is admittedly concerning that the parents of an autistic child with severe sensory issues were not afforded the opportunity to visit

the new facility before the DOE decided to place the child there. But the DOE offered J.G.'s parents a tour of Po'okela and agreed that the first order of business will be the development of a transition plan to accommodate any issues that may exist. Moreover, the IEP meeting participants spent at least half an hour at the last IEP meeting discussing Po'okela and J.G.'s parents' preference for the Maui Autism Center. And although J.G.'s parents had not visited Po'okela, they raised specific concerns about the location, number of students, and the school's autism resource teacher. We conclude that the district court did not err in finding that J.G.'s parents were not denied the opportunity to meaningfully participate.

4. Last, the record does not show that the new IEP substantively will deny J.G. a free appropriate public education (FAPE). Even accepting J.G.'s parents' arguments about Po'okela's flaws and the progress J.G. has made at the Maui Autism Center, they have not shown that, once an appropriate transition plan is developed, J.G. cannot receive a meaningful educational benefit at Po'okela or that his curriculum cannot be implemented there. *Endrew F. v. Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 999 (2017) ("[T]he question is whether the IEP is *reasonable*, not whether the court regards it as ideal."); *see also J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 439 (9th Cir. 2010) ("[A]ppropriate public education does not mean the absolutely best of potential-maximizing education for

4

the individual child.") (internal quotation marks omitted)).  Moreover, they have not shown that Po'okela is not the least restrictive environment.  Accordingly, on this record, we affirm the district court's decision.

**AFFIRMED**.